IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAELLE D. FICKLER,<br><br>                 Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                 Defendant. | 8:11-CV-440<br><br>MEMORANDUM AND ORDER ON MOTION FOR ATTORNEY FEES |

      This matter is before the Court on the plaintiff Michaelle Fickler's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Filing 27. Fickler has requested an award of fees and expenses in the amount of $6,571.19, which represents 26 hours of attorney work at an average rate of $183.70 per hour and 19.8 hours of legal assistant work at $90 per hour.[1] Fickler has also requested an award of costs of $350 for the filing fee. The defendant has no objection to the amount of fees or costs requested. Filing 28.

      The Court has determined that Fickler was the prevailing party in this action, as this case was remanded to the Commissioner for further action. The Court further finds that the position of the Commissioner was not substantially justified, for the reasons set forth in the Court's previous Memorandum and Order (filing 25). See *Koss v. Sullivan*, 982 F.2d 1226 (8th Cir. 1993). The application for fees was filed in a timely fashion.[2] Finally, the Court finds that the fees requested are reasonable.

---

[1] The maximum hourly fee of $125 specified in 28 U.S.C. § 2412(d)(1)(D)(2)(A) was adjusted to account for inflation. Fickler has presented uncontested evidence that a cost-of-living increase is warranted (filing 27-1). See, § 2412(d)(2)(A)(ii); *Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir. 1990).

[2] An Equal Access to Justice Act application based on a district court judgment remanding a case pursuant to sentence four of 42 U.S.C. § 405(g) must be filed no later than 30 days after the sentence four judgment has been entered and the appeal period has run such that the judgment is no longer appealable. See *Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002); *see also, Shalala v. Schaefer,* 509 U.S. 292, 302 (1993); *Melkonyan v. Sullivan,* 501 U.S. 89, 94-97 (1991).

Therefore, Fickler is entitled to an award of attorney fees and costs in the amounts requested. An award of fees under § 2412(d) must be paid to the "prevailing party," i.e., the litigant, as opposed to counsel, and is subject to any administrative offset necessary to satisfy any pre-existing debt the litigant might owe the United States. *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010). Because § 2412(a)(1) states that costs, like fees, are awarded to the "prevailing party," the costs shall also be paid directly to Fickler. Additionally, as defendant notes, the award of costs is to be paid from the Judgment Fund administered by the United States Treasury, rather than by the Social Security Administration. *See,* 28 U.S.C. §§ 2412(a), (c)(1), 2414; 31 U.S.C. § 1304. Accordingly,

IT IS ORDERED:

1. Fickler's motion for attorney fees (filing 27) is granted.

2. By separate document, the Court shall enter judgment for Fickler and against defendant, providing that Fickler is awarded attorney fees of $6,571.19 and costs of $350, with both amounts to be paid directly to Fickler.

Dated this 26th day of June, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge